UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                Plaintiff,

    v.

JOHN DOE,

                Defendant.

CASE NO. 2:25-CV-2417-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: December 19, 2025

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed civil rights complaint. Dkt. 1. He has not paid the filing fee or properly sought leave to proceed *in forma pauperis*.[1] Regardless, the Court has reviewed the proposed complaint and finds this case should be dismissed without prejudice.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-

---

[1] Plaintiff filed a *in forma pauperis* application form designated for the United States Supreme Court. This is not adequate for an application to proceed *in forma pauperis* in this Court.

REPORT AND RECOMMENDATION - 1

filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Bar orders of this Court provide that Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. First, Plaintiff has not filed a proper IFP application. Regardless, Plaintiff has already submitted three IFP applications and proposed actions this year. *See Demos v. Trump*, 3:25-cv-5249-BHS (W.D. Wash. 2025); *Demos v. Ewing*, 2:25-cv- 413-MJP (W.D. Wash. 2025); *Demos v. Ferguson*, 3:25-cv-05266-TL (W.D. Wash. 2025). This alone precludes plaintiff from proceeding with this action.

In addition to already filing three proposed actions this year, Plaintiff has also failed to allege imminent harm or state a claim upon which relief can be granted. In the proposed complaint, Plaintiff alleges the U.S. District Court for the Eastern District of Washington has obstructed his access to the courts by implementing bar orders. Dkt. 1-1. Plaintiff names John Doe, the Chief District Judge for the Eastern District of Washington, as the sole defendant. *Id*.

REPORT AND RECOMMENDATION - 2

1  Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent
2  danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th
3  Cir. 2007) (internal citations omitted). It also is patently frivolous. The sole named defendant, a
4  judge, is immune for suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir.
5  2004) (noting that judges are entitled to absolute immunity for actions taken within their
6  jurisdiction). Accordingly, the undersigned recommends Plaintiff's proposed complaint (Dkt. 1-
7  1) be dismissed and this case be closed.

      Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 19, 2025**.

      Dated this 4th day of December, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3